UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NJ 08608

CHAMBERS OF
GARRETT E. BROWN, JR.
JUDGE

## LETTER OPINION

May 2, 2005

Marc E. Wolin
Saiber Schlesinger Satz & Goldstein, LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
*Attorney for Plaintiff*

RECEIVED
MAY 4 2005
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

RE: DIRECTV, Inc. v. Barry Averbach *et al.*
Civil Action No. 03-CV-2157 (GEB)

Dear Counsel:

This matter comes before the Court upon plaintiff DIRECTV's ("Plaintiff" or "DIRECTV") motion for final judgment by default against defendant Barry Averbach ("Defendant"). Defendant was served with the summons and complaint, but failed to answer or otherwise respond to the complaint. On DIRECTV'S motion, the Clerk of the Court entered default against Defendant for failure to appear in the action. DIRECTV then filed the instant motion for final judgment by default. The Court, having considered Plaintiff's submission and decided the matter without oral argument pursuant to Fed. R. Civ. P. 78, finds as follows:

DIRECTV alleges that Defendant violated the Federal Communications Act of 1934 ("Communications Act"), as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act ("Privacy Act"), 18 U.S.C. §§ 2510-2521, by illegally purchasing, using and/or selling devices that intercept DIRECTV's programming. Plaintiff requests injunctive relief under both statutes. However, Plaintiff only seeks damages under Section 2520 of the Privacy Act, foregoing the damages available under Section 605 of the Communications Act. Under

Section 2520(c)(2), if the Court finds that damages are appropriate, it may award the greater of actual or statutory damages. Statutory damages "is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2) (2005). In contrast, under Section 605, if the Court chooses to assess damages, it must impose an award not less than $1,000 and no more than $10,000. The Court has broad discretion to fix damages within that range. See generally DIRECTV, Inc. v. Cain, 2005 U.S. Dist. LEXIS 7404, *2 (D.N.J. April 20, 2005) (citations omitted). In the present case, Defendant allegedly bought and then resold approximately forty-one illegal devices. DIRECTV seeks $310,718.97 in actual damages or, in the alternative, $410,000 in statutory damages under Section 2520.

The Court notes that these motions are nothing new in this District. DIRECTV has been plagued by the proliferation of companies engaged in the sale of illegal equipment that unscrambles their signal and allows users to view their programming for free. With the assistance of law enforcement authorities, DIRECTV has engaged in an aggressive campaign designed to identify the manufacturers and distributors of pirate access devices and the individuals purchasing them and recover lost revenue via legal actions. In DIRECTV v. DeCroce, 332 F. Supp. 2d 715 (D.N.J. 2004), the Honorable Katharine S. Hayden, U.S.D.J., observed that "these lawsuits are often either quickly settled for unspecified sums or [as is the case here] . . . presented in the context of a default judgment application . . . that does not subject DIRECTV's claims to the rigors of the adversary system." DeCroce, 332 F. Supp. 2d at 717.

The Court emphasizes that these motions must be considered on a case-by-case basis. Often, DIRECTV has sought substantial statutory damages against defendants who had purchased a pirate access device solely for home viewing. Recently, in DIRECTV v. Cain, the

Honorable William J. Martini, U.S.D.J., expressed concern that, in certain circumstances, available statutory damages may "unjustifiably exceed the goals of compensation and punishment and provide plaintiff with a windfall." Cain, 2005 U.S. Dist. LEXIS 7404 at *4-5 (citing DIRECTV, Inc. v. Brown, 371 F.3d 814, 819 (11th Cir. 2004) (concluding that the district court did not abuse its discretion when denying damages under § 2520 and characterizing a liquidated damages award under § 2520(c)(2) as potentially being "gratuitous"). Here, Defendant's conduct is far more culpable than that considered in Cain. Nonetheless, this Court declines to authorize DIRECTV's substantial damages request without examining the severity of the defendant's conduct in light of the dual goals of damages – compensation and punishment.

As a threshold matter, the Court finds that DIRECTV's actual damages calculations are extremely speculative; even DIRECTV acknowledges that "[w]ithout the Defendant's appearance, DIRECTV's actual damages are difficult to quantify." Averbach Br. at 25. In order to calculate actual damages, DIRECTV relies on the following calculations and assumptions: (1) the average monthly bill sent to the top 10 percent of DIRECTV's customers for the relevant period was $204.56, (2) it is assumed that an unauthorized user would view as much programming as a typical high-end (top 10%) customer, (3) it is assumed that an unauthorized user is comparable to a typical paying high-end customer in terms of consumption because "[t]hose who invest hundreds or thousands of dollars in illegal devices and software can be expected to view a significant amount of television programming," and (4) anecdotal information suggests that unauthorized users are heavy consumers of sports subscriptions, pay-per-view movies and events (such as boxing matches) and adult programming. DIRECTV's assumptions and anecdotal information seem entirely too speculative to support the large damages award requested, especially without the benefit of the

3

adversary system to aid in valuation.

Putting that issue aside, the Court focuses on the statutory damages available under Section 2520 of the Privacy Act and Section 605 of the Communications Act. More specifically, the Court focuses on DIRECTV's decision to pursue damages under Section 2520 and not Section 605.

DIRECTV submits that it is entitled to $410,000 in statutory damages under Section 2520, representing $10,000 per pirate access device. See Averbach Br. at 24, n.14 (citing Community Television Syst., Inc. v. Caruso, 284 F.3d 430, 435-36 (2d Cir. 2002)). However, several courts have expressly held that parties may not recover for multiple violations of the Privacy Act or different types of violations of the Privacy Act. See e.g. Desilets v. Wal-Mart Stores, Inc., 171 F.3d 711, 714 (1st Cir. 1999) ("Neither the number of discrete violations of the Act committed by the 'person or entity engaged in that violation' on any one day, nor . . . the different types of violations committed on any one day . . . are relevant in calculating the liquidated damages to be awarded" because "the statute makes no apparent distinction among the types of separate injuries at issue . . . for purposes of assessing liquidated damages.") (clarifying Dorris v. Absher, 179 F.3d 420, 428 (6th Cir. 1999) (leaving open the issue of whether $10,000 per violation may be appropriate when the violations are "widely separated by time, place or people"). In Smoot v. United Transportation Union, 246 F.3d 633, 648 (6th Cir. 2001), a Sixth Circuit panel stressed that § 2520(c)(2)(B) "describes only one inclusive method for calculating damages," otherwise the "$100 a day" provision would be rendered superfluous. Smoot, 246 F.3d at 648.

DIRECTV relies on Community Television Sys., Inc. v. Caruso, 284 F.3d 430, 435-36 (2d Cir. 2002), to support its position. See Plaintiff's Brief at n.14. However, in Caruso, the court found that a minimum statutory award of $10,000 was appropriate "each time a device is purchased

and installed" under Section 605, not Section 2520. <u>Caruso</u>, 284 F.3d at 435-36. In contrast to Section 2520, Section 605(e)(C)(II) expressly provides that "the party aggrieved may recover an award of statutory damages <u>for each violation</u> of subsec. (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(C)(II) (2005). Therefore, this Court concludes that Plaintiff may not recover statutory damages for each violation under Section 2520. However, statutory damages are available for each violation under Section 605.

This calls into question DIRECTV's decision to pursue damages under Section 2520 and not Section 605. The Honorable William J. Martini recently addressed another situation where DIRECTV opted not to pursue damages under Section 605. <u>See</u> <u>Cain</u>, 2005 U.S. Dist. LEXIS 7404 at 3-7. In <u>Cain</u>, the defendant purchased a pirate access device for viewing DIRECTV's programming in his home. DIRECTV sought $10,000 in statutory damages plus attorneys' fees and costs under Section 2520 and did not request damages under Section 605. At oral argument, the court "pressed . . . why DIRECTV [sought] monetary damages under § 2520 instead of § 605 . . ." <u>Id.</u> at 3-4. "[P]laintiff responded by arguing that the Court should impose a sanction of $10,000, rather than a potentially lesser sanction under § 605, for both compensatory and punitive reasons." <u>Id.</u> at 4. In its letter opinion, the court opined that under those facts a $10,000 damage award would represent a windfall to the Plaintiff. The court emphasized the importance of assessing the defendant's true culpability when crafting an appropriate damages award. Therefore, the court denied DIRECTV's request for damages under Section 2520. However, the court noted that an award between $1,000 and $10,000 under Section 605 would be more fitting. Thus, the court stated that it would "consider granting a damages award [under Section 605] upon plaintiff's timely

submission of an appropriate motion for such relief."

This Court finds Cain instructive. The Court acknowledges that the Defendant's conduct is far more severe and pervasive than in Cain. Rather than viewing DIRECTV's programming in his home, Defendant was allegedly engaged in an illegal commercial enterprise and bought and resold approximately forty-one (41) devices. Under the instant facts, an award of $10,000 under Section 2520 clearly would not be excessive. Instead, it seems that such an award would inadequately account for the true culpability of Defendant's conduct and fail to accomplish the complimentary goals of compensation and punishment. Like in Cain, DIRECTV does not seek damages under Section 605. Also, DIRECTV does not offer a per day calculation under Section 2520. Therefore, because this Court has determined that Section 2520 does not permit recovery of statutory damages for each violation, DIRECTV only can recover a maximum of $10,000. However, this Court would consider an appropriate motion under Section 605. Accordingly, the Court will deny Plaintiff's motion for damages under Section 2520 without prejudice and will grant Plaintiff ten (10) days leave to file a new motion for damages under both Section 2520 and Section 605.

The Court will grant Plaintiff's request to permanently enjoin Defendant from committing or assisting in the commission of any violation of Section 605 and Sections 2511 and 2512. The Court will also consider Plaintiff's request for attorneys' fees and costs upon timely submission of an appropriate affidavit of services and bill of costs that comport with Local Civil Rules 54.1 and 54.2.

An appropriate Order accompanies this Letter Opinion.

GARRETT E. BROWN, JR., U.S.D.J